UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND BIOLABS, INC., *Plaintiff and Counterclaim Defendant,* v. RALPH T. MILLER, *Defendant and Counterclaim Plaintiff* | Case No. 1:20-cv-11234-RGS |
| RALPH T. MILLER *Third Party Plaintiff,* v. COMMITTEE OF NEW ENGLAND BIOLABS, INC. EMPLOYEES' STOCK OWNERSHIP PLAN, PERSONAL REPRESENTATIVE OF DONALD COMB, JAMES V. ELLARD, RICHARD IRELAND, and BRIAN TINGER, *Third Party Defendants* and NEW ENGLAND BIOLABS, INC. EMPLOYEE STOCK OWNERSHIP PLAN & TRUST *Nominal Defendant* | ORDER CERTIFYING CLASS & GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

This case came before the Court on Defendant and Counterclaim Plaintiff Miller's Unopposed Motion for Class Certification, ECF No. 179 and Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 180. Based upon the Court's review of the motions and the memoranda and exhibits submitted with them, the Court certifies the Class, grants preliminary approval of the Settlement, and finds as follows:

**Class Certification**

1.  Count I of the Amended Counterclaim (ECF No. 124) (the "Class Claim") is hereby certified as a class action pursuant to Rule 23(b)(1) and (b)(2) on behalf of the following Class:

> All persons who are former employees of New England Biolabs, Inc. ("NEB") and who are or were participants in the New England Biolabs, Inc. Employee Stock Ownership Plan and Trust (the "Plan") and whose accounts were liquidated on or after September 30, 2016, through October 31, 2019, and the beneficiaries of such participants.
>
> Excluded from the Class are (a) the Third Party Defendants; (b) officers and directors of NEB; (c) beneficiaries of such persons or (d) immediate family members of any of the foregoing excluded persons, and (e) the legal representatives, successors, and assigns of any such excluded persons.

2.  The Court finds that the Class Claim satisfies the requirements of Fed. R. Civ. P. 23(a) as follows:

    a.  The Class consists of approximately 66 participants in the Plan and their respective beneficiaries. Weighing judicial economy, the claimants' ability and motivation to litigate as joined plaintiffs, the financial resources of class members, and the fact that the claims are for injunctive relief, joinder of all Class members would be impracticable. *Garcia–Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir.2009) ("No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met.").

    b.  The Class Claim raises common questions of law and fact. The issues of liability on each count are common to all members of the Class and are capable of common answers as those issues primarily focus on NEB's acts.

2

The common issues include whether NEB breached its fiduciary duties or otherwise violated ERISA in connection with its disclosures regarding the valuation of CST stock in the Plan, whether the Plan and/or the members Class suffered losses or were harmed as a result of NEB's alleged fiduciary breaches or other violations, and what is the appropriate relief for NEB's violations of ERISA.

c. Counterclaim Plaintiff's claim is typical of those of the Class because it arises from the same event, practice and/or course of conduct and seek the same relief. Counterclaim Plaintiff's claims are also typical because they generally seek recovery and relief on behalf of the Plan and/or because they seek recovery based on uniform disclosures or failures to disclose. NEB does not have any unique defenses against Counterclaim Plaintiff as to Count I.

d. Counterclaim Plaintiff and his counsel have no interests antagonistic to the Class and Miller has retained counsel with extensive experience litigating ERISA class actions. Counterclaim Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

3. The Class Claim meets the requirements of Fed. R. Civ. P. 23(b)(1). NEB is required by law to interpret and consistently apply the terms of the Plan to all similarly-situated participants. As such, varying or inconsistent adjudications regarding, e.g., the duties of NEB, the rights of participants under the Plan, or the adequacy of NEB's disclosures would establish incompatible standards of conduct. For similar reasons, an adjudication regarding these issues would, as a practical matter, adjudicate these issues with respect to the other participants in the Plan. Additionally, the monetary relief sought would be paid to the Plan and then allocated to

Class members' individual accounts.

4. The Class claim also meets the requirements of Fed. R. Civ. P. 23(b)(2). First, NEB has acted on the same grounds as to all members of the Class by allegedly breaching its fiduciary duties in connection with its disclosures regarding the valuation of CST stock in the Plan. Second, Count I primarily seeks declaratory and injunctive relief. To the extent that monetary relief is awarded, any monetary relief would flow from the declaratory relief. As a result, the monetary relief will not determine the key procedures to be used, will not introduce any new and significant factual or legal issues, and will not require individualized hearings. Thus, the lawsuit primarily, if not exclusively, seeks final declaratory and injunctive relief.

5. Because the Class is suited for certification under Fed. R. Civ. P. 23(b)(1) and 23(b)(2), the Court need not address whether the Class may also be certified under 23(b)(3).

6. Ralph T. Miller is appointed the representative of the Class.

7. Attorneys R. Joseph Barton and Jonathan Feigenbaum are appointed Co-Lead Class Counsel pursuant to Rule 23(g).

**Preliminary Approval of the Settlement**

8. Preliminary approval is the first step in the class settlement process. The request for preliminary approval only requires an "initial evaluation" of the fairness of the proposed settlement. *Manual for Complex Litigation* § 21.632 (4th ed. 2004). The purpose of preliminary approval is to determine "whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a fairness hearing." William B. Rubenstein *et al.*, *Newberg on Class Actions* § 13:10 (5th ed. 2013).

9. "Preliminary approval should not be confused for a final finding of reasonableness or fairness. The first step is merely to 'ascertain whether notice of the proposed

settlement should be sent to the class ....'" *Sesto v. Prospect CharterCARE, LLC*, No. CV 18-328 WES, 2019 WL 2394251, at *1 (D.R.I. June 6, 2019) (quoting 4 William B. Rubenstein, Newberg on Class Actions § 13:13 (5th ed. 2018)).

10. In granting preliminary approval, the Court considers "whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a fairness hearing." William B. Rubenstein *et al.*, *Newberg on Class Actions* § 13:10 (5th ed. 2013). At this stage, the Court need only "determine whether the proposed settlement appears to fall within the range of possible final approval." *Trombley v. Bank of Am. Corp.*, No. 08-CV-456-JD, 2011 WL 3740488, at *4 (D.R.I. Aug. 24, 2011). A proposed settlement of a class action may be given preliminary approval "where it is the result of serious, informed, and non-collusive negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies (such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys), and where the settlement appears to fall within the range of possible approval." *Trombley v. Bank of Am. Corp.*, No. 08-CV-456-JD, 2011 WL 3273930, at *5 (D.R.I. July 29, 2011).

11. The Court finds that the Settlement Agreement is the result of serious, informed, and non-collusive negotiations. A settlement is presumed to be reasonable when it is achieved by arm's length negotiations conducted by experienced counsel. *Nat'l Ass'n of Deaf v. Massachusetts Inst. of Tech.*, No. 3:15-CV-30024-KAR, 2020 WL 1495903, at *4 (D. Mass. Mar. 27, 2020). The assistance of a neutral mediator, Magistrate Judge Dein, reinforces that the Settlement Agreement is non-collusive.

12. The proposed Settlement provides substantial relief to the Class and falls within the range of reason. The monetary component of the Settlement Agreement provides for payment

of $750,000 to a settlement fund for the benefit of the Class, which Class Counsel represents is approximately 48.98% of the maximum amount of their losses that Class members could potentially recover at trial. This is an excellent result compared to other ERISA class settlements approved by other courts of this Circuit. *Baptista v. Mut. of Omaha Ins. Co.*, 859 F. Supp. 2d 236, 241 (D.R.I. 2012) (approving settlement equivalent to 40% of maximum possible recovery); *Hochstadt v. Bos. Sci. Corp.*, 708 F. Supp. 2d 95, 109 (D. Mass. 2010) (approving 27% recovery in employer stock case as "plainly reasonable"); *Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 463 (D. Md. 2014) (approving settlement that recovered 3.2% of estimated maximum damages). The average gross recovery of more than $11,000 per class member in this Settlement is significantly higher than that approved in many other ERISA class actions. *E.g. Marshall v. Northrop Grumman Corp.*, No. 16-CV-6794 AB (JCX), 2020 WL 5668935, at *2 (C.D. Cal. Sept. 18, 2020) (describing settlement amounting to $77.34 average gross recovery as "exceptional"); *Sims v. BB&T Corp.*, No. 1:15-CV-732, 2019 WL 1995314, at *5 (M.D.N.C. May 6, 2019) (average gross award of $342); *Will v. Gen. Dynamics Corp.*, No. CIV. 06-698-GPM, 2010 WL 4818174, at *1 (S.D. Ill. Nov. 22, 2010) (average gross award of $96.62). Unlike the cited cases, the attorney's fees will not be deducted from the settlement amount, but will be awarded separately so the net percentage of recovery here is even more favorable.

13. The Settlement Agreement does not suffer from any obvious deficiencies, such as preferential treatment of the Class representative. No class member or group of Class members will receive unduly favorable treatment under the terms of the Settlement Agreement. The Plan of Allocation proposes that the Settlement Fund will be divided among Plan participants on a pro rata basis. A participant Class Member's share of the Net Settlement Amount depends on the losses suffered by that participant as a share of the losses suffered by all Class Members.

14. The Court finds that there are no grounds to doubt the fairness of the Settlement Agreement and concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the class is appropriate.

**Class Notice**

15. The Court approves the Proposed Notice of Class Action Settlement ("Class Notice") which is attached as Exhibit 2 to the Declaration of Colin Downes and directs its distribution to the Class.

16. The content of the Class Notice fully complies with due process and Federal Rule of Civil Procedure 23. The proposed notice to the Class provides appropriate information to Class Members concerning: (i) the nature of the action; (ii) the definition of the Class certified; (iii) the Class claims, issues, and defenses; (iv) that a Class Member may enter an appearance through an attorney if the Member so desires; (v) that a Class Member may object to the Settlement before it is approved; (vi) the time and manner for making objections; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). *See* Manual for Complex Litigation, supra, § 21.312. It also informs class members about their rights under the Settlement as well as their right to be heard at the final fairness hearing.

17. Notice provided by first class mail is sufficient when the names and addresses of the class members are known. *Loestrin 24 Fe Antitrust Litig.*, 1:13-MD-2472-S-PAS, 2020 WL 5203323, at *2 (D.R.I. Sept. 1, 2020) (finding notice by email and/or US Mail plus posting information on a website satisfied Rule 23 and due process). Here, the names and addresses of the Class Members are known, and thus notice to the Class by first class mail is appropriate.

18. The Court appoints Phoenix Settlement Administrators as the Settlement Administrator for providing Class Notice and otherwise assisting in administration of the

Settlement. The Settlement Administrator shall provide notice to the Class no later than November 18, 2022. The Settlement Administrator will file a declaration with the Court confirming that the Class Notice was sent in accordance with this Order by December 19, 2022.

**Plan of Allocation**

19. The plan for allocating settlement proceeds, like the settlement itself, should be approved if it is fair, reasonable and adequate. *Hill v. State St. Corp.*, CIV.A. 09-12146-GAO, 2015 WL 127728, at *11 (D. Mass. Jan. 8, 2015) (citing cases). A plan of allocation is fair and reasonable as long as it has a "reasonable, rational basis. *Id.* In determining whether a plan of allocation is fair and reasonable, courts give great weight to the opinion of experienced counsel. *Id..* "An approach [that] ties each class member's portion of the settlement amount to the number of shares the class member owned and the price of the stock at time of sale" is "grounded in a reasonable and rational basis, and is fair to the members of the class." *Medoff v. CVS Caremark Corp.*, 09-CV-554-JNL, 2016 WL 632238, at *7 (D.R.I. Feb. 17, 2016) (approving allocation plan); *Walsh v. Popular, Inc.*, 839 F. Supp. 2d 476, 482 (D.P.R. 2012) (approving plan of allocation dividing settlement proceeds in ERISA class action pro rata based on class members' "losses relative to those of the class as a whole"). Here, the Plan of Allocation will allocate the Net Settlement Amount among all eligible Class Members on a pro rata basis in proportion to their losses as calculated by Class Counsel with the assistance of their expert. Such a plan of allocation is reasonable and equitable.

**Class Action Settlement Procedures**

20. Defendants shall produce to Class Counsel the Class Data required pursuant to Section II.10, to the extent not already produced, by no later than November 4, 2022.

21. Any Class Member who wishes to object to this Settlement or otherwise to be

heard concerning this Settlement shall timely inform the District Court in writing of his or her intent to object to this Settlement and/or to appear at the Fairness Hearing by following the procedures set forth in the Class Notice ("Objection"). To be considered timely, the Objection must bear a postmark that is no later than January 19, 2023. The Objection must set forth at least the following: (a) the full name, address and contact information for the Objector and the name and address of counsel (if represented by counsel); (b) a written statement of any and all objections to this Settlement and any supporting papers and arguments; (c) the signature of the Objector (or his attorney).

22. Any Class Member or other person who fails to make his, her or its Objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement, to the Judgment, to the Plan of Allocation, to the award of attorneys' fees and reimbursement of expenses to Class Counsel, unless otherwise ordered by the Court. To the extent that any objections or comments are transmitted to Settlement Administrator, or the Parties' counsel, but are not filed with the Court, those persons are hereby directed to file such objections with the Court.

23. The Settlement Fund will be deemed and considered to be *in custodia legis* of the Court and will remain subject to the jurisdiction of the Court until such time as such funds will be distributed pursuant to the Settlement Agreement and/or the order of the Court.

**Class Action Fairness Act Notice**

24. The Court approves the form of notice provided by the NEB Parties under the Class Action Fairness Act of 2005 ("CAFA") as consistent with the requirements of 28 U.S.C. § 1715(b).

**Deadlines**

25.   Class Counsel will file any Motion for an Expense Award pursuant to Section VII.1 of the Settlement Agreement to be paid from the Settlement Fund by December 19, 2022.

26.   Class Counsel will file any motion for an award of attorneys' fees pursuant to Section VII.3 of the Settlement Agreement against the NEB Parties by January 9, 2023.

27.   Class Counsel shall file a Motion for Final Approval of the Settlement by February 2, 2023.

28.   The Court will hold a final fairness hearing on March 1, 2023 at 2 p.m, at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Courtroom 21, Boston, Massachusetts 02210. The Court may continue the date of the final fairness hearing if necessary without further notice to the Class, but any such continuance will be publicized on the settlement website.

It is so ORDERED this 26th day of October 2022.

*Richard P. Stearns*
Hon. Richard G. Stearns
United States District Judge