UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11234-RGS

NEW ENGLAND BIOLABS, INC.

v.

RALPH T. MILLER

RALPH T. MILLER

v.

COMMITTEE OF NEW ENGLAND BIOLABS, INC.
EMPLOYEES' STOCK OWNERSHIP PLAN;
PERSONAL REPRESENTATIVE OF DONALD COMB;
JAMES V. ELLARD; RICHARD IRELAND;
and BRIAN TINGER

MEMORANDUM AND ORDER ON
MOTIONS TO DISMISS

February 21, 2023

STEARNS, D.J.

Following the settlement of all outstanding claims in this lawsuit, defendant Ralph Miller filed a motion seeking an award of over $1 million in attorneys' fees and expenses from plaintiff New England Biolabs, Inc. (NEB). After a careful review of the parties' briefing, and for the following reasons, the court will deny the motion.

## DISCUSSION

### I.      ERISA § 502(g)(1)

The parties do not dispute that Miller is eligible to seek fees pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).  *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010).  Their dispute instead centers on whether Miller "*should* receive them under the particular facts of this case," and if so, what would be a reasonable award.  *See Glover v. Hartford Life & Accident Ins. Co.*, 2022 WL 2987130, at *6 (D.N.H. July 28, 2022) (emphasis in original).

To assess whether Miller should receive fees, courts in this Circuit look to the five *Cottrill* factors.  *See Gross v. Sun Life Assur. Co. of Canada*, 763 F.3d 73, 83 (1st Cir. 2014)).  These factors are: "(1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, i.e., his or her capacity to pay an award; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions."  *Id.*, quoting *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 225 (1st Cir. 1996).

After balancing the *Cottrill* factors, the court determines that no fees should be awarded under the circumstances of this case. Only the second of the *Cottrill* factors weighs strongly in Miller's favor, although case law is clear that "capacity to pay, by itself, does not justify an award." *Doe v. Harvard Pilgrim Health Care, Inc.*, 2019 WL 3573523, at *15 (D. Mass. Aug. 6, 2019), quoting *Cottrill*, 100 F.3d at 226-27. The other factors are neutral or, at best, only marginally tallied in Miller's favor.

With respect to the first *Cottrill* factor, Miller relies solely on the merits of his underlying claims to establish bad faith, asserting that NEB violated ERISA and undertook this lawsuit in retaliation against him. But the court never had the opportunity to address the merits of Miller's claims during the litigation, and it declines to do so at this procedural juncture. Significant factual disputes exist regarding NEB's motivation for filing suit[1] and the impact any alleged inaccuracies in the Summary Plan Description had on stock valuation. It would be "inappropriate" for the court to resolve these

---

[1] For example, Miller testified that he was threatened during a phone call with Ellard and Tinger. *See* Mem. (Dkt # 196-1) at 7; *see also* Miller Dep. (Dkt # 196-10) at 36:19; *id.* at 38:6-8. But contrary to Miller's argument otherwise, this assertion is not "uncontroverted." *See* Reply (Dkt # 210) at 2. A reasonable juror could discredit Miller's account in the absence of any confirmation from either Tinger or Ellard – especially where, as here, NEB maintains that it sued Miller because it had a fiduciary obligation to the Plan to seek repayment of the allegedly overpaid funds, and Miller was the only employee to refuse to repay when asked.

disputes "now for the sole purpose of determining [Miller's] eligibility for attorney fees." *Glover*, 2022 WL 2987130, at *7.  The first factor accordingly favors neither side.

The third factor is neutral for the same reasons.  Absent ruling on the merits whether there has been actionable wrongdoing that an award of fees might deter in the future, an award has just as much potential to deter beneficial conduct (*e.g.*, efforts to recoup overpaid sums) as to deter misconduct.  *Cf. id.*

Turning to the fourth factor, the court acknowledges that Miller has secured monetary relief for similarly situated individuals (former employees whose assets were liquidated during a finite period).  But most plan participants are outside the scope of the class and thus will receive no portion of the recovery.  *See Doe*, 2019 WL 3573523, at *15 ("The fourth factor also does not weigh in favor of a fee award because the First Circuit's remand requiring the Court to review [plaintiff's] claim on an expanded administrative record has no discernible benefit to plan participants who will not necessarily share the unique circumstance of the post-filing review at issue by HPHC in this case."); *cf. Severstal Wheeling, Inc. v. WPN Corp.*, 2016 WL 1611501, at *2 (S.D.N.Y. Apr. 21, 2016) (fourth factor met where the claim "was brought on behalf of" and relief "inure[d] to the benefit of the

plans as a whole").  And while there may be a minor benefit to plan participants as the result of dissemination of more accurate information in the Summary Plan Description, this benefit is contravened by the fact that the correction of the inaccuracies precludes current plan participants from pursuing the allegedly higher valuation provided for in the 2003 Summary Plan Description.

Finally, the fifth factor weighs in NEB's favor or, at best, is neutral.  The court determined at the outset of this case that NEB had a high likelihood of success on its equitable claim.  *See* November 23, 2020 Order (Dkt #36).  The merits of Miller's claims are less certain.  While it is true that Miller achieved nearly half of what he sought for his CST-related claim, many of his class and individual claims were dismissed during the early stages of the litigation, leading to a mixed result.  *See Glover*, 2022 WL 2987130, at *7 (fifth factor strongly weighed in plaintiff's favor where she "received everything she sought in this lawsuit"); *cf. Gross*, 763 F.3d at 85 (fifth factor did not weigh in plaintiff's favor where, *inter alia*, the court rejected one of plaintiff's primary contentions).  It also is not clear that the settlement reflects the meritoriousness of Miller's claims.  Where Miller claims to have amassed nearly $1 million in attorneys' fees in litigating the case to this point,[2] the

---

[2] Even if the court had found Miller entitled to a fee award after

settlement may reflect the astronomical cost of litigating the case further rather than an agreement that any alleged inaccuracies in the Plan Description were material.

## II. Indemnification/Duty to Defend

Miller alternatively seeks fees and expenses on the grounds that he was a fiduciary under the Plan[3] and that the Plan's insurer thus had a duty to defend him in this litigation. The court denies this portion of his motion. NEB amended its complaint on January 29, 2021, to delete the fiduciary duty claim. *See* Second Am. Compl. (Dkt # 53). Any obligation Chubb may have had to defend Miller terminated when the only claim conceivably within the

---

balancing the *Cottrill* factors, the sheer size of the request, as well as the dubiousness of a number of the billable item folded into it – for example, counsel lists dozens of hours billed on unsuccessful and even unfiled motions and appears to have spent excessive hours drafting other motions (in one instance, more than 50 hours on a reply brief in support of a motion to amend and in another, more than 60 hours on a motion to certify, nearly 20 of which were spent implementing changes that, based on comparison of the two drafts, are minor at best) – would weigh heavily against awarding any fees. The reasonable fee reward for an unreasonable request is no award at all.

[3] Miller suggests that the court found that "Miller is a fiduciary and may be personally liable to reimburse the plan for the overpayment." Mem. at 11. This argument misconstrues the court's November 23, 2020 Order. The court did not rule on the merits that Miller was a fiduciary under the terms of the Plan (or even that NEB was likely to succeed on the merits of this claim). The court merely held that "NEB has *alleged sufficient facts* to support its claim that Miller is a fiduciary and *may be* personally liable to reimburse the plan for the overpayment." *Id.* at 11 (emphasis added).

scope of the insurance coverage was dropped.  *See Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co.*, 439 Mass. 387, 395 (2003); *see also Utica Mut. Ins. Co. v. Amity Ins. Agency, Inc.*, 84 Mass. App. Ct. 1111 (2013).

### ORDER

For the foregoing reasons, defendant's Motion for Attorneys' Fees and Expenses is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE