UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND BIOLABS, INC.,<br><br>*Plaintiff and Counterclaim Defendant,*<br><br>v.<br><br>RALPH T. MILLER,<br><br>*Defendant and Counterclaim Plaintiff*<br><br>RALPH T. MILLER<br><br>*Third Party Plaintiff,*<br><br>v.<br><br>COMMITTEE OF NEW ENGLAND BIOLABS, INC. EMPLOYEES' STOCK OWNERSHIP PLAN, PERSONAL REPRESENTATIVE OF DONALD COMB, JAMES V. ELLARD, RICHARD IRELAND, and BRIAN TINGER,<br><br>*Third Party Defendants*<br><br>and<br><br>NEW ENGLAND BIOLABS, INC. EMPLOYEE STOCK OWNERSHIP PLAN & TRUST<br><br>*Nominal Defendant* | Case No. 1:20-cv-11234-RGS<br><br><br><br><br><br><br><br><br><br><br><br>**ORDER<br>GRANTING FINAL APPROVAL OF<br>CLASS ACTION SETTLEMENT** |

This case came before the Court on Defendant and Counterclaim Plaintiff Ralph T. Miller ("Miller")'s Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 204). Based upon the Court's review of the motion and the memorandum submitted in support thereof, **GRANTS** the motion, finally approves the Settlement, and finds as follows:

1. **Class Certification.** The Class[1] as defined by the Court's Order dated October 26, 2022 (ECF No. 185) (the "Preliminary Approval Order) is finally certified for settlement purposes under Rule 23(a) and Rule 23(b)(2) as follows:

> All persons who are former employees of New England Biolabs, Inc. and who are or were participants in the New England Biolabs, Inc. Employee Stock Ownership Plan and Trust and whose accounts were liquidated on or after September 30, 2016, through October 31, 2019, and the beneficiaries of such participants.
>
> Excluded from the Class are (a) the Third Party Defendants; (b) officers and directors of NEB; (c) beneficiaries of such persons or (d) immediate family members of any of the foregoing excluded persons, and € the legal representatives, successors, and assigns of any such excluded persons.

2. **Appointment of Class Counsel.** Pursuant to Rules 23(a)(4) and 23(g), the Court confirms its prior appointment of Miller as representatives of the Class and of R. Joseph Barton (now of Barton & Downes LLP) and Jonathan Feigenbaum as Co-Lead Class Counsel.

3. **Class Notice.** The distribution of the Notice of Class Action Settlement was in accordance with the terms of the Settlement and the Preliminary Approval Order. ECF No. 190-1 at ¶ 6, and (a) constituted the best practicable notice to members of the Class under the circumstances of this action, (b) was reasonably calculated to apprise members of the Class of the pendency of this action, their right to object to any aspect of the proposed Settlement (including the fairness, reasonableness, or adequacy of the Class's representation by Class Counsel or their requested award of attorneys' fees and expenses or the Plan of Allocation), their right to appear at the Final Approval Hearing, and the binding effect of the orders and final judgment as to all claims against Defendants in this action, whether favorable or unfavorable, on all members of the Class, (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (d) fully satisfied the requirements of the

---

[1] Except as otherwise defined herein, capitalized terms have the meanings afforded them by the Settlement Agreement (ECF No. 180-3).

Federal Rules of Civil procedure (including Rules 23(c)(2) and (e)), the United States Constitution, and any other applicable law).

4. **Class Action Fairness Act Notice.** The NEB Parties have caused to be served a notice of the proposed Settlement on appropriate state and federal officials in accordance with the requirements under the Class Action Fairness Act, 28 U.S.C § 1715(b), and have satisfied their obligations thereunder.

5. **Rule 23 Approval Factors.** Each of the factors specified by Rule 23(e)(2) favors final approval.

> a. **Adequacy of Class Representatives.** Miller fulfilled his duties to the Class by reviewing the pleadings, producing documents, reviewing, and signing written discovery responses, communicating regularly with Class Counsel, testifying at his deposition, and participating in settlement conferences and reviewing the proposed Settlement. ECF No. 145-9 at ¶¶ 2-5; ECF No. 180-2 at ¶ 5. This factor favors final approval.
>
> b. **Adequacy of Class Counsel.** The Court previously found Co-Lead Class Counsel adequate for purposes of class certification. Preliminary Approval Order at ¶ 4(d). Class Counsel have adequately represented the Class through vigorous pursuit of discovery and contested motions practice and are experienced in litigating ERISA class actions. This factor favors final approval.
>
> c. **Arm's Length Negotiation.** The Court previously found that the Settlement was the result of non-collusive negotiations, including because it was reached with the assistance of a neutral mediator, Magistrate Judge

Dein. Preliminary Approval Order at ¶ 11. The Court reaffirms this finding. This factor favors final approval.

d. **Relief to the Class.** The Settlement provides substantial relief to the Class. Class Counsel calculates that the $750,000.00 in monetary relief provided by the Settlement amounts to approximately 48.98% of the maximum amount of losses that Class members could potentially recover at trial (less only court-approved expenses with attorneys' fees to be decided separately). Preliminary Approval Order at ¶ 12. The Court previously held that this represented "an excellent result compared to other ERISA class settlements approved by other courts of this Circuit." *Id.* The Court reaffirms this finding. This factor thus favors final approval.

e. **Equitable Treatment of Class Members.** The Settlement itself does not distinguish between Class Members, and as the Court has previously held no "Class Member or group of Class Members will receive unduly favorable treatment under the terms of the Settlement Agreement." Preliminary Approval Order at ¶ 13. The allocation of the Net Settlement Fund is to be according to a court-approved Plan of Allocation proposed by Class Counsel, addressed below. *Infra* ¶ 6. This factor favors final approval.

6. **Plan of Allocation.** The Plan of Allocation proposes that the Settlement Amount will be allocated among all eligible Class Members on a pro rata basis in proportion to their losses as calculated by Class Counsel with the assistance of their expert. The Court finds that the Plan of Allocation is fair, reasonable, and adequate and finally approves the Plan of Allocation.

7. **Reimbursement of Litigation Expenses.** The Court has separately addressed Class Counsel's Motion for Reimbursement of Litigation Expenses in its Order of January 30, 2023 (ECF No. 203).

8. **Release by Plaintiffs and Class.** Miller and the Class Members (including their heirs, executors, administrators, successors, and assigns), solely in their capacity as participants in the Plan or as beneficiaries of Class Members who are participants in the Plan, are deemed to have released the NEB Parties, the Plan, and all fiduciaries of the Plan themselves and each of them and as applicable depending on whether such releasee is an individual or an entity, their past, present and future officers, directors, shareholders, members, affiliates, independent contractors, agents, insurers, insurance administrators, employees, attorneys, fiduciaries, trustees, heirs, administrators, executors, devisees, conservators, representatives, parents, subsidiaries, predecessors-in-interest, successors-in-interest, trusts, spouses, and assigns, from any and all claims, or causes of action (including any claims for costs, attorneys' fees and/or expenses other than those incurred by Miller or his counsel in this Action), whether in law or in equity, whether known or unknown, whether fixed or contingent, that Miller or the Class Members have that are asserted in the Class Claim, or are based on or arise out of the same factual predicate alleged in the Class Claim, including any claims concerning or relating to the valuation of CST stock based on the same factual predicate as the Class Claim (the "Settled Class Claims"), except that Miller individually (as to his individual claims and his defenses to NEB's claim) and on behalf of himself and the Class and Class Counsel do not release any claims for attorneys' fees, costs or other expenses as set forth in the Settlement Agreement. Miller and the Class are barred and permanently enjoined from prosecuting any and all Settled Claims against any person from whom they have released claims as provided by the Settlement Agreement.

9. **Dismissal.** The Court hereby dismisses this Action with prejudice. Nothing in this Order or in the Final judgment entered in connection with this Order shall preclude any action to enforce the Settlement Agreement or any other claims not released by the Settlement Agreement.

10. **Entry of Judgment.** There is no just reason to delay entry of this Order and Final Judgment, and immediate entry by the Clerk of Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

11. **Continuing Jurisdiction.** The Court has jurisdiction to enter this Order and the accompanying Final Judgment. Without affecting the finality of this Order and Final Judgment in any way, this Court expressly retains exclusive jurisdiction as to all matters relating to (a) implementation of this Settlement Agreement; (b) disposition of the Settlement Fund and distributions from the Settlement Fund; (c) any claim or motion by Miller or Class Counsel for attorneys' fees or litigation expenses, and (d) enforcement and administration of this Settlement Agreement, including the release provisions thereof.


It is so ORDERED this 1ST day of March 2023.

Hon. Richard G. Stearns
United States District Judge